**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark J. Schwartz, ) | No. CIV-01-2075-PHX-MHM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Metropolitan Life Insurance Company, a ) New York corporation; American Express ) Long Term Disability (LTD) Benefit Plan, ) | |
| Defendants. ) | |

Currently before the Court is Plaintiff Mark J. Schwartz's Motion to Amend Findings, Conclusions, and Judgment (Doc. 78) in which he requests clarification of the Court's September 29, 2006 Order. Defendants Metropolitan Life Insurance Company and American Express Long Term Disability Benefit Plan have filed a Response in Opposition to Plaintiff's Rule 52(b) Motion to Amend Findings, Conclusions, and Judgment. After reviewing the pleadings, the Court now grants Plaintiff's Motion to Amend Findings, Conclusions, and Judgments to the extent set forth in this Order.

As stated above, on September 29, 2006, the Court's Order ruled for Summary Judgment in favor of Plaintiff. This Order required Defendants to "pay to Plaintiff long term disability benefits in the amount of $11,422.33 per month, plus interest as appropriate under

1  the terms of the Plan commencing July 29, 2001 up to and through the date of Judgment."

2      An award of prejudgment interest to an ERISA plaintiff is "a question of fairness,
3  lying within the [district] court's sound discretion." Landwehr v. DuPree, 72 F.3d 726, 739
4  (9th Cir.1995) (internal quotations marks omitted) (quoting Shaw v. International Ass'n of
5  Machinists & Aerospace Workers Pension Plan, 750 F.2d 1458, 1465 (9th Cir.1985)).

6      In his Motion, Plaintiff requests prejudgment interest paid at the rate of ten percent
7  per annum. Plaintiff bases his request on Arizona Revised Statute § 20-462 arguing that
8  Arizona Revised Statute § 20-462 is not preempted by ERISA because of the exception for
9  state laws regulating insurance, 29 U.S.C. § 1144(b)(2)(A). (Dkt. 78, p. 2:10-12.)

10     Section (2)(A) of 29 U.S.C. § 1144 states the following: "Except as provided in
11 subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any
12 person from any law of any State which regulates insurance, banking, or securities." Plaintiff
13 must recognize that Section (B) of 29 U.S.C. § 1144 states as follows:

> Neither an employee benefit plan described in section 1003(a) of this title, which is not exempt under section 1003(b) of this title (other than a plan established primarily for the purpose of providing death benefits), nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies.

19     Taken together, the relevant Sections of 29 U.S.C.A. § 1144 preclude Plaintiff's claim
20 for a prejudgment interest calculation based on Arizona Revised Statute § 20-462.

21     The Ninth Circuit has held that the interest rate prescribed for post-judgment interest
22 under 28 U.S.C. § 1961 is appropriate for fixing the rate of pre-judgment interest "unless the
23 trial judge finds, on substantial evidence, that the equities of that particular case require a
24 different rate." Western Pacific Fisheries, Inc. v. S.S. President Grant, 730 F.2d 1280, 1289
25 (9th Cir.1984). Here, the Court made no findings that a different rate was justified. Section
26 1961 provides that the post-judgment interest rate shall be equal to "the coupon issue yield

1 equivalent (as determined by the Secretary of the Treasury) of the average accepted auction
2 price for the last auction of fifty-two week United States Treasury bills settled immediately
3 prior to the date of the judgment." 28 U.S.C. § 1961.

4 The Court finds that prejudgment interest pursuant to 28 U.S.C. § 1961 applies. Upon
5 this finding, the Court directs Plaintiff to determine the amount Defendants shall pay to
6 Plaintiff with regard to prejudgment interest from July 29, 2001 up to and through the date
7 of Judgment, which was entered on September 29, 2006.

8 **Accordingly,**

9 **IT IS ORDERED** that Plaintiff's Motion for Additional Findings, Conclusions, and
10 Judgments(Doc. 78) is granted in accordance with this Order.

11 **IT IS FURTHER ORDERED** that Plaintiff shall determine pre-judgment interest
12 in accordance with 28 U.S.C. § 1961 to be calculated from July 29, 2001 up to and through
13 the September 29, 2006 Judgment. Plaintiff shall file his determination with the Court by
14 November 14, 2006.

15 **IT IS FURTHER ORDERED** that Defendants shall have five days from the date
16 Plaintiff submits his pre-judgment interest determination in which to file any new objections
17 to Plaintiff's determination.

18 DATED this 3rd day of November, 2006.

_____
Mary H. Murguia
United States District Judge

- 3 -