**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark J. Schwartz, ) | No. CV-01-2075-PHX-MHM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Metropolitan Life Insurance Company, a ) | |
| New York corporation; American Express ) | |
| Long Term Disability (LTD) Benefit Plan, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Currently pending before the Court is Plaintiff Mark J. Schwartz's Motion for Reconsideration Pursuant to Local Rule 7.2(g) (Doc. 85). Defendants Metropolitan Life Insurance Company and American Express Long Term Disability Benefit Plan have filed a Response in Opposition to Plaintiff's Motion for Reconsideration Pursuant to Local Rule 7.2(g) (Doc. 88). In addition, Plaintiff has filed a Prejudgment Interest Calculation (Doc. 86) to which Defendants have filed a Response (Doc. 87). Also pending is Plaintiff's Motion for an Award of Attorneys' Fees and Related Non-Taxable Expenses (Doc. 79) and Memorandum in Support of the Motion for Award of Attorneys' Fees (Doc. 89). Defendants have filed a Response (Doc. 93) and Plaintiff has filed a Reply (Doc. 94).

I.      MOTION FOR RECONSIDERATION

A motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) may be granted for the following reasons: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) as necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. Turner v. Burlington Northern Santa Fe Railroad Co., 338 F.3d 1058, 1063 (9th Cir. 2003). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003).

In his Motion for Reconsideration, Plaintiff asserts that the Court erred by Ordering that prejudgment interest be calculated according to 28 U.S.C. § 1961. Plaintiff argues that A.R.S. § 20-462 is "saved" from ERISA preemption and, therefore, Plaintiff is entitled to prejudgment interest under that state law statute.

Contrary to Plaintiff's assertion, ERISA has "one of the broadest preemption clauses ever enacted by Congress." Evans v. Safeco Life Ins. Co., 916 F.2d 1437, 1439 (9th Cir. 1990).

> In sum, the detailed provisions of [29 U.S.C. § 1132(a)] set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.

Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54, 107 S.Ct. 1549, 1556 (1987).

Plaintiff cites a number of cases that include discussions of ERISA preemption. See Kentucky Assn. of Health Plans, Inc. v. Miller, 538 U.S. 329, 123 S.Ct. 1471, 1476 fn. 1 (2003); Rush Prudential HMO, Inc. v. Moran, 536 U.S. 355, 122 S.Ct. 2151, 2162, fn. 6 (2002); FMC v. Holliday, 498 U.S. 52, 111 S.Ct. 403, 409 (1990). In those cases the Court

1 discussed whether the entire case was governed by state law or preempted by ERISA. Plaintiff has presented no case in which the case in chief proceeded under ERISA and then the award of attorneys' fees was awarded pursuant to state law.

Moreover, in his Complaint, Plaintiff acknowledged that he was proceeding under the exclusive remedy provisions of ERISA found in 29 U.S.C. § 1132. Plaintiff is not entitled to invoke and apply a separate remedy for prejudgment interest at this eleventh hour. ERISA civil remedies are not to be supplemented or supplanted by state laws. Pilot Life, 481 U.S. at 54, 107 S.Ct. at 1558. See Kanne v. Connecticut General Life Ins. Co., 867 F.2d 489, 493-94 (9th Cir. 1988) (state law preempted if it attempts to supplement ERISA civil enforcement provisions).

The Court did not err in its November 3, 2006 Order when it found that the appropriate calculation of interest in this case is under 28 U.S.C. § 1961. Again, a district court may award prejudgment interest on an award of ERISA benefits at its discretion. See, e.g., Dishman v. UNUM Life Ins. Co. of Am., 269 F.3d 974, 988 (9th Cir. 2001); Grosz-Salomon v. Paul Revere Life Ins. Co., 237 F.3d 1154, 1163-64 (9th Cir. 2001); Blanton v. Anzalone, 813 F.2d 1574, 1575 (9th Cir. 1987). Generally, "the interest rate prescribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of pre-judgment interest unless the trial judge finds, on substantial evidence, that the equities of that particular case require a different rate." Grosz-Salomon, 237 F.3d at 1164 (quoting Nelson v. EG & G Energy Measurements Group, Inc., 37 F.3d 1384, 1391 (9th Cir. 1994)). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Blanton, 813 F.2d at 1576.

Regardless of whether A.R.S. § 20-462 is, or is not, saved from preemption, Plaintiff has submitted no evidence to support finding that he is entitled to an interest determination under A.R.S. § 20-462. Thus, A.R.S. § 20-462 does not apply to the instant case. In fact, section (D) of A.R.S. § 20-462 states, "This section shall apply only to claims that are to be paid by the insurer directly to the insured, to a beneficiary named in the contract, or to a

1 provider who has been assigned the right to receive benefits under the contract by the
2 insured." Plaintiff here is not the insured, he is not a beneficiary named in the contract, nor
3 is he a provider who has been assigned the right to receive benefits under the contract. Thus,
4 it is clear that A.R.S. § 20-462 does not apply here.

5 Plaintiff has provided no evidence to justify calculating the prejudgment interest in
6 the instant case under anything other than ERISA statute. Accordingly, Plaintiff's Motion
7 for Reconsideration is denied.

8 II.     PREJUDGMENT INTEREST CALCULATION

9 On November 14, 2006, pursuant to the Court's November 3, 2006 Order, Plaintiff
10 submitted his Prejudgment Interest Calculation. Plaintiff submitted a prejudgment interest
11 calculation pursuant to 28 U.S.C. § 1961. Plaintiff subsequently submitted an alternative
12 prejudgment interest calculation pursuant to A.R.S. § 20-462. Defendants submitted a
13 Response and Partial Objection to Plaintiff's pre-judgment interest determination in which
14 they state that they do not contest or object to Plaintiff's determination of prejudgment
15 interest under 28 U.S.C. § 1961, through the date of Judgment. Defendants do, however,
16 object to Plaintiff's inappropriate calculation of prejudgment interest under A.R.S. § 20-462.
17 Defendants request that Plaintiff's second exhibit be stricken from the record.

18 Plaintiff claimed it submitted the calculation pursuant to A.R.S. § 20-462 because
19 of the pending Motion for Reconsideration of the Court's November 3, 2007 Order. As the
20 Court denied Plaintiff's Motion, see above, the Court hereby grants Defendants' request to
21 strike Plaintiff's second prejudgment interest calculation. The Court hereby strikes Exhibit
22 2 to Plaintiff's Prejudgment Interest Calculation. However, after the Clerk strikes Exhibit 2,
23 the Court grants Plaintiff's Motion for Prejudgment Interest Calculation.

24 III.    MOTION FOR ATTORNEYS' FEES

25 Plaintiff seeks attorneys' fees at a rate of $350 per hour for work performed by
26 Plaintiff's lead counsel, Richard M. Waugh. Plaintiff seeks fees at a rate of $275 per hour
27 for associated counsel Roberta A. Hess. Mr. Waugh has 31 years of experience practicing

28

1  law and 15 years handling ERISA litigation.  Ms. Hess has 27 years experience practicing
2  law and 12 years of ERISA experience.
3       A.    ENTITLEMENT
4       Plaintiff moves for attorneys' fees and related non-taxable expenses under 29 U.S.C.
5  § 1132(g)(1). Defendants have responded by arguing that Plaintiff's request should be denied
6  or, alternatively, reduced to the fees incurred after remand from the Ninth Circuit.
7       ERISA permits district courts to award "reasonable" attorney's fees and costs to either
8  party. See 29 U.S.C. § 1132(g)(1). "A plan participant who prevails in an action to enforce
9  rights under the plan is ordinarily entitled to a reasonable attorney's fee if the participant
10 'succeed [s] on any significant issue in litigation which achieves some of the benefit . . .
11 sought in bringing suit' and if no special circumstances make an award unjust." Barnes v.
12 Independent Auto. Dealers of Cal. Health & Welfare Benefit Plan, 64 F.3d 1389, 1397 (9th
13 Cir. 1995) (quoting Losada v. Golden Gate Disposal Co., 950 F.2d 1395, 1401 (9th Cir.
14 1991)).
15      In evaluating a request for attorney's fees under ERISA, courts consider the following
16 Hummell factors:  (1) the degree of the opposing party's culpability or bad faith; (2) the
17 ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against
18 the opposing party would deter others from acting under similar circumstances; (4) whether
19 the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan
20 or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the
21 Parties' positions. Hummel v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir. 1980). The
22 Hummel factors are liberally construed in favor of protecting participants in employee
23 benefits plans, and the Court need not find that every factor weighs in support of an award
24 of fees. McElwaine v. U.S. West, Inc., 176 F.3d 1167, 1172-73 (9th Cir. 1999). A showing
25 of bad faith is not required. Id. at 1173.
26      With regard to the first and fifth Hummell factors, the degree of the opposing party's
27 culpability or bad faith and the relative merits of the Parties' positions, Defendant terminated
28

1 Plaintiff's benefits without valid basis and then failed to offer evidence to support its
2 argument that the plan administrator delegated its discretionary authority to Defendant as the
3 claims administrator. Ultimately, Plaintiff prevailed in recovering past accrued and accruing
4 benefits under the plan.  Though the evidence does not support a finding of bad faith, as
5 stated above, a finding of bad faith is not required.  These two factors weigh in favor of
6 granting Plaintiff's request for attorneys' fees.

7 With regard to the second Hummel factor, the ability of the opposing party to satisfy
8 an award of fees, Defendant acknowledges that it has the financial ability to satisfy a
9 reasonable award of attorneys' fees. This factor weighs in favor of granting Plaintiff's request
10 for attorneys' fees.

11 The third and fourth Hummel factor are whether an award of fees against the opposing
12 party would deter others from acting under similar circumstance and whether the party
13 requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to
14 resolve a significant legal question regarding ERISA.  Plaintiff claims that this litigation
15 resolved an important legal question regarding the standard of review to apply in ERISA
16 cases and that the Court's decision has benefitted all Plan participants. However, through this
17 lawsuit, Plaintiff sought to determine his own entitlement to disability benefits.  To make the
18 required determination thereby required the Court to determine the appropriate standard of
19 review for his particular claim.  Defendants point out that since the Court's decided this case,
20 the Plan has been changed to make the delegation more clear.  Moreover, since this case was
21 decided, the Ninth Circuit has changed how a court is to determine the applicable standard
22 of review in ERISA cases.  See Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955 (9th Cir.
23 2006).  These factors do not weigh in favor of granting Plaintiff's request for attorneys' fees.

24 The majority of the Hummel factors weigh in favor of awarding Plaintiff's request for
25 attorneys' fees.  Moreover, Defendant has not demonstrated that there are any extraordinary
26 circumstances that would render an award of attorneys' fees unjust. Accordingly, the Court
27 finds it appropriate to award attorneys' fees to Plaintiff.

28

- 6 -

B.     REASONABLENESS

To calculate attorney's fees awarded under § 1132(g)(1), district courts utilize a two-step hybrid lodestar/multiplier approach. First, the court establishes a lodestar by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. See Van Gerwen v. Guarantee Mut. Life. Co., 214 F.3d 1041, 1045 (9th Cir. 2000). The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed. See Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933 (1983). In determining the appropriate lodestar amount, the district court may exclude from the fee request any hours that are "excessive, redundant, or otherwise unnecessary." Id. at 434, 103 S.Ct. 1933. In addition to setting the number of hours, the court must also determine a reasonable hourly rate, "considering the experience, skill, and reputation of the attorney requesting fees." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986). Second, in rare and exceptional cases, the district court may adjust the lodestar upward or downward using a multiplier based on facts not subsumed in the initial lodestar calculation. See Van Gerwen, 214 F.3d at 1045.

Plaintiff seeks fees from September 25, 2001 through May 23, 2005 – the entire pendency of the lawsuit. This includes work done prior to filing suit, during the appeal process and after remand. Defendants argue that Plaintiff is not entitled to attorneys' fees for the work performed before he filed suit. In Cann v. Carpenters' Pension Trust Fund for Northern California, 989 F.2d 313, 317 (9th Cir. 1993), the Ninth Circuit held that fees for time spent in the pre-litigation administrative phase could not be recovered. However, here, Plaintiff does not seek fees for time spent in the administrative phase of this case. Rather, the pre-litigation fees Plaintiff seeks are for work done in connection with the commencement of litigation. These fees are recoverable. See, e.g., G & G Fire Sprinklers, Inc. v. Bradshaw, 156 F.3d 893 (9th Cir. 1998), rev'd on other grounds, 526 U.S. 1061, 119 S.Ct. 1450, 143 L.Ed.2d 538 (1999).

1          Defendants contend that Plaintiff is not entitled to attorneys' fees accrued before the
2  Ninth Circuit remanded the case because Plaintiff requested attorneys' fees from the Ninth
3  Circuit and the Ninth Circuit rejected the request.  "[A] plaintiff who is unsuccessful at a
4  stage of litigation that was a necessary step to [his] ultimate victory is entitled to attorney's
5  fees even for the unsuccessful stage." Cabrales v. County of Los Angeles, 935 F.2d 1050 (9th
6  Cir. 1991).  The Ninth Circuit's denial of Plaintiff's request for attorneys' fees is logical
7  because at the time the Ninth Circuit remanded the case, Plaintiff was not yet the successful
8  party.  However, now, as the successful party, Plaintiff is entitled to attorneys' fees for the
9  entire pendency of the lawsuit.
10         While on appeal, Plaintiff requested an award of attorneys' fees from the Ninth Circuit
11 at a rate of $275 for Mr. Waugh and $175 for Ms. Hess.  Defendants argue that Plaintiff is
12 not entitled now to request fees of $350 for Mr. Waugh and $275 for Ms. Hess because he
13 requested lower rates when he submitted his request to the Ninth Circuit. Plaintiff contends
14 that the rates he submitted to the Ninth Circuit were conservative and submitted without
15 accompanying evidence from other local counsel.  Since he submitted the request to the
16 Ninth Circuit, Plaintiff's counsel has surveyed fellow ERISA practitioners and arrived at a
17 more accurate market rate. The relevant benchmark in ERISA cases is the current prevailing
18 market rate in the community for similar services of lawyers of reasonably comparable skill,
19 experience, and reputation.  Chalmers, 796 F.2d at 1210.  Plaintiff has shown by submitting
20 affidavits from other ERISA practitioners in the community that the fees Plaintiff seeks here
21 are reasonable.
22         Defendants contend that Plaintiff should not collect $275 for Ms. Hess's time because
23 there is no evidence that Ms. Hess was actually paid a rate of $275.   In contrast to
24 Defendants' contention, in Missouri v. Jenkins, 491 U.S. 274, 286, 109 S.Ct. 2463, 2471
25 (1989), the Supreme Court upheld an award of fees for law clerks and paralegals as
26 determined by market rates rather than by the amounts they were paid by the attorneys for
27 whom they worked.  Thus, Defendants' contention is not compelling.
28
- 8 -

1    Defendants assert that Plaintiffs' attorneys' fees are "inflated." However, Defendants fail to substantiate their assertion. Moreover, as stated above, Plaintiff has provided a number of affidavits from ERISA practitioners in the community showing the reasonableness of the attorneys' fees Plaintiff seeks. There is nothing to indicate that the fees Plaintiff requests are inflated.

Considering counsels' extensive experience and skill in the practice of law and in ERISA law in particular, the Court finds the requested attorneys' fees reasonable. Accordingly, the Court grants Plaintiff's Motion for an Award of Attorneys' Fees.

IV.   CONCLUSION

For the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion for Reconsideration (Doc. 85) is denied.

IT IS FURTHER ORDERED that the Clerk shall strike Exhibit 2 to Plaintiff's Prejudgment Interest Calculation (Doc. 86-3).

IT IS FURTHER ORDERED that Plaintiff's Motion for Prejudgment Interest Calculation (Doc. 86) is granted.

IT IS FURTHER ORDERED that Plaintiff's Motion for an Award of Attorneys' Fees and Related Non-Taxable Expenses (Doc. 79) is granted.

DATED this 29th day of June, 2007.

_____
Mary H. Murguia
United States District Judge

- 9 -